Stone, J.
The counter-claim of the defendant below is-based upon an executory contract made October 13, 1862, by which, as defendant alleges, the plaintiffs sold and contracted to deliver to him by the 15th of November, then next ensuing, 3,000 sacks of Liverpool salt. This allegation of the counter-claim is denied by the reply, and is not, in our judgment, supported by the contract given in evidence.
Effect is, of course, to be given to the words of the contract, “ to arrive by the 15th of November,” but the question is, what effect? They are, as we think, words of condition and description only, and can not be construed as a warranty that the salt shall arrive.
They serve to distinguish the salt which was the subject, of the contract from the mass of salt of the same variety found in the market. The salt plaintiffs contracted to sell and defendants to buy, was not salt which .plaintiff's may then have had on hand, or salt which had previously arrived. It was salt which was to arrive between the date of the contract and the 15th of November following. Whether it would arrive or not depended upon contingencies, not *636 absolutely within the control of either party. If it arrived within the time limited, plaintiffs were impliedly bound to -deliver it upon the contract. If it failed to arrive within that time no such obligation arose. There was, in that case, no salt which, under the terms of the contract, the plaintiffs were bound to deliver or the defendant to accept.
Cases have frequently arisen involving the construction of contracts, in their essential features, not to be distinguished from the contract here in question. It has uniformly been held that contracts of this description — for the sale of goods to arrive — are conditional, the words “ to arrive,”or other equivalent words, not importing a warranty that the goods will arrive, and the obligation to perform the contract by an actual transfer of the property being, therefore, in the absence of other words showing a contrary intent, contingent upon its arrival. Alewyn v. Pryor, Ryan & Moody, 404; Lovatt v. Hamilton, 5 M. & W. 639; Johnston v. Macdonald, 9 M. & W. 600; Shields v. Pettee, 2 Sand. 262. See also Russell v. Nicol, 3 Wend. 112; Benj. on Sales, 470; 1 Parsons on Cont., title “ Of Sales to Arrive,” and cases cited.
In the present' case, it is not alleged that any of the salt referred to in the contract arrived, or came within the control of the plaintiffs prior to the 15th of November, nor is it claimed that its arrival was delayed by their agency. The defendant counts upon the contract as made, and bases his claim to recover solely upon the ground that the plaintiffs, by its terms, stipulated absolutely, and at all events, to deliver the salt within the time limited.
2. The testimony offered by defendant to show that by the custom of merchants, the words “ to arrive by the 15th of November,” meant “ deliverable on or before the 15th of November,” tended materially to change the meaning and legal effect of the contract, and was clearly incompetent.

Judgment affirmed.